# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

FILED DEC 16 2020 Clerk, U.S. District Court Greensboro, NC BY ___

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
2015 white GMC Yukon Denali with North Carolina Plate FKR7380 )

Case No. 1:20 mJ 328

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Middle    District of    North Carolina   
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before    Nov. 16, 2020    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Joi Elizabeth Peake, U.S. Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   11/2/2020 3:08 pm                                         /s/ Joi Elizabeth Peake
                                                                                           *Judge's signature*

City and state:   Winston-Salem, North Carolina           Hon. Joi Elizabeth Peake, U.S. Magistrate Judge
                                                                                      *Printed name and title*

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 1:20MJ328 | 11/4/2020 8:00 AM | Marcus Thomas and Charisma Fozard |

Inventory made in the presence of :
SA Jennifer Jezewski

Inventory of the property taken and name(s) of any person(s) seized:

Nothing seized.

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 11/9/2020

*Executing officer's signature*

Kirk Ellis, Special Agent
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a 2015 white GMC Yukon Denali with North Carolina Plate FKR7380 and any baggage or containers in the vehicle, provided that the vehicle is located within the Middle District of North Carolina at the time of the search.

## ATTACHMENT B

*Property to be seized*

1. All records and information relating to violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1030(a)(2) (Computer Fraud), 18 U.S.C § 1956 (Laundering of Monetary Instruments), and 18 U.S.C. § 1028A (Aggravated Identity Theft), those violations involving Marcus Thomas or Charisma Fozard and occurring after August 27, 2018, as follows:

   a. Records and information relating to a conspiracy to defraud users of the Department of Defense's MyPay system;

   b. Records and information relating to access of the Department of Defense's MyPay system;

   c. Records and information relating to bank or other financial accounts, or financial transactions;

   d. Debit/credit cards, debit/credit card statements, and debit/credit card applications in names other than Marcus Thomas and Charisma Fozard.

   e. Records and information reflecting the purchase and/or deposit of money orders, pre-paid debit/credit cards, and gift cards;

   f. Records and information reflecting the purchase, sale, and/or export of automobiles;

g. Records and information, in names other than Marcus Thomas and Charisma Fozard, containing personally identifiable information such as social security numbers and dates of birth;

h. Identification documents and copies or representations thereof in names other than Marcus Thomas and Charisma Fozard, including driver's licenses, passports, military IDs, and school IDs;

i. Records and information relating to packages sent or received by postal methods, including the U.S. Postal Service, FedEx, and UPS;

j. Records and information relating to the receipt, transfer, or other disposition of any criminal proceeds, including bank statements; and

k. Currency in excess of $1,000.00, prepaid credit cards, financial instruments (including stocks and bonds), crypto-wallets, and/or any other thing of value evidencing proceeds of financial crimes.

2. Computers or storage media used as a means to commit the violations described above.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

2

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

3

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

4. Routers, modems, and network equipment used to connect COMPUTERS to the Internet.

5. During the execution of the search, law enforcement personnel are authorized to (1) press and/or swipe the fingers (including thumbs) of Marcus Thomas and/or Charisma Fozard to the fingerprint scanner of any COMPUTER found pursuant to the warrant and/or (2) hold any COMPUTER found pursuant to the warrant in front of the face of those same individuals to

4

activate the facial-recognition feature and/or iris-recognition feature of the COMPUTER, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant. This warrant does not authorize law enforcement personnel to compel other individuals found at the premises to provide biometric features, as described in this paragraph, to access or otherwise unlock any COMPUTER. Further, this warrant does not authorize law enforcement personnel to compel that Marcus Thomas and/or Charisma Fozard state or otherwise provide the password or any other means that may be used to unlock or access the COMPUTERS, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the COMPUTERS.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

# FILTER TEAM PRACTICES AND PROCEDURES
## For Searches Related to Charisma Fozard and Marcus Thomas

I. **Filter team membership:**

Members of the filter team are not part of the investigation/prosecution team and never will be so in the future.

- An AUSA from the United States Attorney's Office for the Middle District of Pennsylvania.

- A legal assistant from the United States Attorney's Office for the Middle District of Pennsylvania.

- Federal agents of the Defense Criminal Investigative Service (DCIS) and the Federal Bureau of Investigation (FBI).

- A forensic examiner. The filter team forensic examiner will be permitted to testify to the creation of new images (as described below), if necessary. In addition, if the filter team forensic examiner locates Privilege Review Material (as defined below) that is ultimately provided to the investigation/prosecution team as outlined below, then the filter team forensic examiner will be permitted to testify regarding the location and/or recovery of that material, as well as the filter procedures.

II. **Basic procedures for searches related to Charisma Fozard and Marcus Thomas:**

A. Only members of the filter team will conduct searches related to Charisma Fozard and Marcus Thomas. Members of the investigation/prosecution team may be present at the search location but only for such purposes as providing information about the investigation to the filter team to assist the filter team's determination of what to seize or interviewing a target or other person.

B. If the search warrant permits the seizure of electronic storage devices, the filter team forensic examiner may conduct on-site triage of any such devices encountered at the search location. After the on-site triage (if any) is completed, the original electronic storage devices will be placed in secure containers, stored in a secure evidence location, and clearly labeled as containing potentially privileged material. These secure containers must not be opened absent approval from the filter team AUSA.

III. **Basic procedures related to the filter team review of seized material (prior to court hearing):**

A. At the time the warrant is executed, the only review of evidence that will occur will be conducted by the filter team and is limited to the review that is required to determine whether evidence is within the scope of the warrant. No further review of the seized evidence will occur—including a review in accordance with the remainder

1

of these procedures—until the court holds a telephonic hearing in which the United States, Charisma Fozard (and her counsel), and Marcus Thomas (and his counsel) have the opportunity to participate and until the court approves procedures for the further review of the seized evidence.

**The United States anticipates that it will propose the following procedures at the hearing referred to in the preceding paragraph:**

IV. <u>**Basic procedures related to the filter team review of seized material**</u>:

   A. The filter team AUSA shall be responsible for documenting actions and decisions of the filter team (e.g., in a log), including: a chain of custody for items being searched; a chain of custody for relevant material reviewed pursuant to the procedures set forth below; categorization of relevant material as described below; determinations by the court, if any; and chain of custody of material and items returned to defense counsel, if any.

   B. "Privileged" as used in these practices and procedures includes material covered by the attorney-client privilege, work product privilege, and/or material covered by the spousal confidential communications privilege. A communication is not covered by the spousal confidential communications privilege if it relates to criminal activity in which both spouses were participating at the time of the communication.

   C. The filter team shall not disclose the contents of any of the seized materials to any member of the investigation/prosecution team except as provided below.

   D. The filter team may ask Charisma Fozard and Marcus Thomas or counsel for Charisma Fozard and Marcus Thomas whether a seized electronic storage device, file, or email account may contain privileged or work product material. If Charisma Fozard and Marcus Thomas or counsel for Charisma Fozard and Marcus Thomas state in writing that an electronic storage device, email account, or file does not contain privileged or work product material, then no further review is required.

   E. The filter team should err on the side of caution and treat any questionable items as potentially privileged. In addition:

   1. The filter team should treat as privileged any letter, e-mail, memorandum, or other document containing a communication between Charisma Fozard or Marcus Thomas (or his/her agents) and one of his/her attorneys.

   2. The filter team should treat as privileged any letter, e-mail, memorandum, or other document containing a communication between Charisma Fozard (or his/her agents) and one of his/her clients.

2

F. Filter team members also should be familiar with the legal elements of the attorney-client privilege, the spousal confidential communications privilege, and the attorney work product doctrine.

G. Consultation with investigative agents and/or prosecutors: During the review process, the filter team AUSA may consult with the investigative agents and/or prosecutors concerning the facts of the investigation, the legal elements of the attorney-client privilege, spousal confidential communications privilege, or work product doctrine, the scope of the warrants, the appropriateness of the seizure of any document, file, or item, or any other legal question. However, members of the filter team shall not disclose the substance of any seized item to any member of the investigation/prosecution team except in accordance with (V)(A)(6) or (V)(F) below.

H. Except as provided below for redacted material, the filter team AUSA shall place all material determined to be privileged in a secure container marked "privileged information," and return it to counsel for Charisma Fozard. The filter team AUSA shall maintain an electronic or manual log detailing the nature of the documents returned and the process by which privileged materials were stored, protected, and returned to defense counsel.

I. Items to be reviewed: The filter team will review all seized material. As discussed above, the filter review may be limited or not necessary if Charisma Fozard and Marcus Thomas or counsel for Charisma Fozard and Marcus Thomas indicate in writing that certain physical records or electronic storage devices do not contain privileged or work product protected material.

V. **Filter team review procedures:**

**Electronic Storage Devices**

A. The filter team forensic examiner will work with the filter team AUSA to identify all relevant privileged and potentially privileged material on the electronic storage devices. **"Privileged" information includes attorney-client information, confidential spousal communications, attorney work product information, and client confidences.**

3

1. The filter team first will determine which seized materials are responsive to the search warrant.

2. For that material that is not responsive to the search warrant, the filter team will not disclose that material to the investigation/prosecution team.

3. For that material that is responsive to the search warrant, the filter team AUSA will segregate it into three categories: (1) privileged and cannot be redacted; (2) privileged but can be redacted; (3) non-privileged or potentially privileged (e.g., government does not have sufficient information to make that determination or an exception to privilege may apply). The filter team AUSA will send a copy of the material in categories 2 (with proposed redactions) and 3 (collectively "Privilege Review Material") to counsel for Charisma Fozard and Marcus Thomas, along with a log.[1]

4. For materials in category 1, the materials will be segregated and not disclosed to the investigation/prosecution team.

5. The filter team AUSA will work with counsel for Charisma Fozard and Marcus Thomas to try to reach an agreement as to whether the Privilege Review Material: (1) is not privileged; (2) falls within an exception to the privilege; or (3) can be redacted to eliminate the privileged information. If the filter team AUSA and counsel for Charisma Fozard and Marcus Thomas cannot agree on items of the Privilege Review Material, the filter team AUSA will submit those items to the court for determination regarding privilege and/or proposed redactions of the privileged material.

6. The filter team AUSA only will provide Privilege Review Material to the investigation/prosecution team if: (i) the filter team and counsel for Charisma Fozard and Marcus Thomas reach an agreement as to the item; or (ii) the court has ruled that the filter team AUSA may provide the item to the investigation/prosecution team.

B. No member of the filter team shall disclose the contents of any material retrieved from the electronic storage devices to members of the investigation/prosecution team except in accordance with (V)(A)(6) directly above.

---

[1] The log shall include the file name, the type of file, the file date, the creation date, the medium on which the file is located, the sender and recipient (if applicable), and the subject matter.

4

### Physical Records and/or Items

C. The filter team AUSA will review the seized materials to identify privileged and potentially privileged material. **"Privileged" information includes attorney-client information, confidential spousal communications, attorney work product information, and client confidences.**

D. For that seized material that is responsive to the search warrant, the filter team AUSA will segregate it into three categories: (1) privileged and cannot be redacted; (2) privileged but can be redacted; and (3) non-privileged or potentially privileged (e.g., government does not have sufficient information to make that determination or an exception to privilege may apply). The filter team AUSA will send a copy of the material in categories 2 (with proposed redactions) and 3 (collectively "Privilege Review Material") to counsel for Charisma Fozard and Marcus Thomas, along with a log.[2] For materials in category 1, the materials will be segregated and not disclosed to the investigation/prosecution team.

E. The filter team AUSA will work with counsel for Charisma Fozard and Marcus Thomas to try to reach an agreement as to whether the Privilege Review Material: (1) is not privileged; (2) falls within an exception to the privilege; or (3) can be redacted to eliminate the privileged information. If the filter team AUSA and counsel for Charisma Fozard and Marcus Thomas cannot agree on items of the Privilege Review Material, the filter team AUSA will submit those items to the court for determination regarding privilege and/or proposed redactions of the privileged material.

F. The filter team AUSA only will provide Privilege Review Material to the investigation/prosecution team if: (i) the filter team and counsel for Charisma Fozard and Marcus Thomas reach an agreement as to the item; or (ii) the court has ruled that the filter team AUSA may provide the item to the investigation/prosecution team.

G. No member of the filter team shall disclose the contents of any physical records or items to members of the investigation/prosecution team except in accordance with (V)(F) directly above.

---

[2] The log shall include the file name, the type of file, the file date, the creation date, the medium on which the file is located, the sender and recipient (if applicable), and the subject matter.

5